**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| THOMAS DEVINE, | : | |
| Plaintiff, | : | Civ. No. 08-875 (GEB) |
| v. | : | **MEMORANDUM OPINION** |
| ADVANCED COMPUTER CONCEPTS INC. | : | |
| Defendant. | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the motion of plaintiff Thomas Devine ("Plaintiff") for default judgment against Advanced Computer Concepts, Inc. ("Defendant"). The Court has considered the relevant submissions and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will grant the motion for default judgment.

**I. BACKGROUND**

**A. Procedural History**

On February 18, 2008, Plaintiff, filed a complaint in this Court. Plaintiff properly requested a summons on February 20, 2008. (Docket No. 2, Plaintiff's Letter to Clerk and Proposed Summons.) The summons and complaint were served on Defendant on April 9, 2008. (Docket No. 4, Affidavit of Service.) On June 5, 2008, after Plaintiff filed a Request for Default (Docket No. 5), the Clerk made an Entry of Default. On July 2, 2008, Plaintiff made the present

motion.  As of the date of this opinion, Defendant has not appeared in this case and has not answered, moved or otherwise responded to the summons and complaint.

      B.      Facts

Plaintiff alleges that in or about November 2006, Plaintiff contacted Defendant about purchasing a flight simulation system for his personal use.  (Compl. ¶ 8.)  Plaintiff and Defendant subsequently engaged in communications regarding such a purchase, the result of which was Defendant forwarding to Plaintiff a written proposal ("Proposal") for the sale and delivery of a Viper XL F-16C Simulator ("Simulator"), dated November 15, 2006.  *Id.* at ¶ 9; Proposal, attached as Exh. A to Compl.  The Proposal stated that the total purchase price of the Simulator as $34,313 plus shipping.  *Id.*  The Proposal also stated that half of this purchase price was due upon placement of the order with the remaining balance due upon shipping. *Id.*   With regard to the timing of delivery, the Proposal stated that "Delivery is 12-14 weeks." *Id.*

Plaintiff alleges that on December 22, 2006 he forwarded Defendant a check in the amount of $17,156.50, representing half of the price of the Simulator as quoted in the Proposal.  (Compl. ¶ 10.)  Plaintiff further alleges that "[f]or several weeks following receipt of Plaintiff's deposit monies, Defendant represented that production and assembly of the Simulator was ongoing and on schedule."  *Id.* at ¶ 12.  Plaintiff avers that he received an email from Defendant on March 11, 2007, which indicated that "things are progressing along for the install [of the Simulator] in late March" and that Defendant would "need to get the balance due . . . [on the Simulator] before we pack up and drive up there." *Id.* at ¶ 13.

Plaintiff alleges that, after questioning Defendant as to whether he had to pay the remaining balance of the purchase price before the Simulator was shipped, on March 13, 2007

Defendant indicated that "[t]he balance is due on the unit before we pack it up and take it on the road (which is shipping)." *Id*. at ¶14.  Plaintiff avers that, after "Defendant represented that it was scheduled 'to ship the unit March 30,'" he forwarded a check in the amount of $19,121.50 to the Defendant to cover the remaining balance of the purchase price which, after certain additions had been made to the order, had increased $36,278. *Id.* at ¶¶ 15, 16.

Plaintiff avers that, after making this second and final payment to Defendant, Defendant did not deliver the Simulator, has not returned Plaintiff's money and has not answered any of Plaintiff's phone calls. *Id.* at ¶¶ 18, 23, 17.

Plaintiff alleges that Defendant's actions constitute "willful, wanton, outrageous, grossly unfair and intentional" conduct and that Defendant acted with the "intent to commit a fraud upon and to deceive Plaintiff." *Id.* at ¶¶ 20, 21.  Plaintiff alleges that Defendant's conduct constitute causes of action under the principles of (1) breach of contract, (2) conversion, and (3) unjust enrichment. *Id.* at ¶¶ 25, 31, 34.  Plaintiff also alleges that Defendant violated the New Jersey Consumer Fraud Act, N. J. Stat. Ann. § 56:8-1 *et. seq*. ("CFA" of the "Act"), and thus seeks treble damages as well as reasonable costs and attorney's fees. *Id.* at ¶ 28.

**II.     DISCUSSION**

      **A.     Default Judgment Standard**

Default is governed by Federal Rule of Civil Procedure 55.  Fed. R. Civ. P. 55.  Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule

55(b)(1) or Rule 55(b)(2)." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." *Super 8 Motels, Inc. v. Kumar*, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 at *7 (D.N.J. April 1, 2008) (citation omitted).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady*, 250 F.R.D. at 177 (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir.1987) ("we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." *Id.*, (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir.1984)).

Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. *Signs by Tomorrow - USA, Inc. v. Engel Co., Inc.*, No. 05-4353, 2006 US Dist Lexis 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Directv, Inc. v. Asher*, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted)).

"Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" *Signs*, 2006 U.S. Dist. LEXIS 56456 at * 6, quoting *Directv, Inc.*, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted).

Pursuant to Federal Rule of Civil Procedure 12, usually a Defendant must answer or otherwise respond "within 20 days after being served with the summons and complaint." FED. R. CIV. P. 12.

  **B.**  **Application**

    **1. Default Judgment is Appropriate**

The Court concludes that Default Judgment is appropriate here. The facts as alleged in the Complaint provide no indication of a meritorious defense. Further, it appears that Plaintiff is prejudiced by the failure to file an answer. The Defendants are also presumed culpable where they have failed to answer, move or otherwise respond. *Palmer v. Slaughter*, No. 99-899, 2000 U.S. Dist. LEXIS 22118 at*5 (D. Del. July 13, 2000) (when Defendant "has failed to answer, move, or otherwise respond to the complaint, the entry of a default judgment against him is appropriate" (citation omitted).

Further, Plaintiff's unchallenged facts set forth legitimate causes of action. *Signs*, 2006 U.S. Dist. LEXIS 56456 at * 6. Plaintiff avers that (1) he ordered the Simulator from Defendant, (2) pursuant to the terms set forth in the Proposal, he sent two checks to Defendant as payment for the Simulator, and (3) upon receipt of payment Defendant failed to deliver the Simulator, refund his money and did not answer any of Plaintiff's calls. (Compl., ¶¶ 9, 10, 16-18, 23; Proposal.) As such, an award of Default Judgment is appropriate.

    **2. Damages**

        **a. Plaintiff is Entitled to Treble Damages, Reasonable Costs and Attorney's Fees Under the CFA.**

Plaintiff asserts that he is entitled to treble damages and attorney's fees pursuant to the CFA. (Compl. ¶ 28 (citing N. J. Stat. Ann. § 56:8-1 *et. seq.*)  The CFA provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale . . . or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice.

N. J. Stat. Ann. § 56:8-2.

With respect to damages, the CFA provides:

> Any person who suffers any ascertainable loss of moneys or property, real or personal, as a result of the use or employment by another . . . person of any method, act, or practice declared unlawful under this act . . . may bring an action. . . .  In any action under this section the court shall, in addition to any other appropriate legal or equitable relief, award threefold the damages sustained by any person in interest. In all actions under this section the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit.

N. J. Stat. Ann. § 56:8-19.

Thus, under the CFA, "an award of treble damages and attorneys' fees is mandatory . . . if a consumer-fraud plaintiff proves both an unlawful practice under the Act and an ascertainable loss." *Cox v. Sears, Roebuck & Co.*, 647 A.2d 454, 465 (N.J. 1994).

        **(1) "Unlawful Practice"**

With respect to the definition "unlawful practices"under the CFA, the Act "creates two

categories of prohibited acts. The first category (unconscionable commercial practice, deception, fraud, false pretense, false promise or misrepresentation) consists of affirmative acts, and the second category (concealment, suppression or omission of any material fact) consists of acts of omission." *Vagias v. Woodmont Props., L.L.C.,* 894 A.2d 68, 71 (N.J. Super. Ct. App. Div. 2006) (citing *Chattin v. Cape May Greene, Inc.*, 581 A.2d 91, 95 (N.J. Super. Ct. App. Div. 1990) *aff'd per curiam*, 591 A.2d 943 (N.J. 1991). Further, the Act does not require proof of intent when the complained of conduct is a prohibited affirmative act. *Vagias*, 894 A.2d at 71 (quoting *Fenwick v. Kay Am. Jeep, Inc.*, 371 A.2d 13, 16 (N.J. 1977) ( "The capacity to mislead is the prime ingredient of deception or an unconscionable commercial practice. Intent is not an essential element. Since consumer protection is the ultimate goal, the standards of conduct established by the Act . . . must be met regardless of intent except when the Act specifically provides otherwise.") Finally, to demonstrate a material misrepresentation, "[n]ot just 'any erroneous statement' will constitute a misrepresentation prohibited by [the CFA]. The misrepresentation has to be one which is material to the transaction and which is a statement of fact, found to be false, made to induce the buyer to make the purchase." *Gennari v. Weichert Co. Realtors*, 672 A.2d 1190, 1205-06 (N.J. Super. Ct. App. Div. 1996).

      In this case, Defendant's actions constitute an unlawful act under the CFA. Plaintiff avers that he made two payments to Defendant for the purchase of the Simulator. (Compl., ¶¶ 10, 16.) Plaintiff also alleges that he had several conversations with Defendant in which Defendant represented that the Simulator would be delivered in late March 2007. *Id.* at ¶¶ 15-17. Plaintiff asserts that Defendant then cut off communications with Plaintiff and failed to deliver the Simulator to Plaintiff or refund his money. *Id.* at ¶¶ 17, 18, 23. Defendant's statements regarding

the delivery of the Simulator were clearly material to the transaction, induced Plaintiff to make the purchase and ultimately were found to be false. *Gennari*, 672 A.2d at 1205-06.

### (2) "Ascertainable Loss"

In order to recover treble damages and reasonable costs and attorneys' fees under the CFA, Plaintiff must also demonstrate that he has suffered an "ascertainable loss" as defined by the Act. *Cox*, 647 A.2d at 465. In this regard, the CFA "requires plaintiff to prove that the unlawful consumer fraud caused his loss." *Id.* at 464-65 (citing *Ramanadham v. New Jersey Mfrs. Ins. Co.*, 33, 455 A.2d 1134, 1136 (N.J. Super. Ct. App. Div.1982); *Meshinsky v. Nichols Yacht Sales, Inc.*, 541 A.2d 1063, 1068-69 (N.J. 1988) (finding that defendant's forgery of plaintiff's signature on loan application, although unconscionable commercial practice, was between bank and defendant and did not cause plaintiff any loss; therefore, plaintiff was limited to damages for defendant's breach of contract)).

Plaintiff has also fulfilled this requirement. The Complaint alleges that he paid $36,278 to Defendant and Defendant failed to deliver the Simulator despite its statement that it would do so on March 30, 2007. (Compl. ¶¶ 16, 18, 15.) Further, Plaintiff's payments to Defendant were not returned. *Id.* at ¶ 23. Thus, his loss of these funds were a direct result of Defendant's unlawful acts. *See Cox,* 647 A.2d at 465.

### b. Plaintiff has not Put Forth Sufficient Evidence to Establish Damages are "Sum Certain."

Pursuant to Rule 55, "[t]he court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any

allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b). However, the Court need not hold a hearing if the damages are "sum certain or for a sum which can by computation be made certain." *Id*.

While Plaintiff has put forth sufficient evidence to demonstrate that he is entitled to treble damages under the CFA, he has not put forth any evidence regarding the actual amount he paid to Defendant.[1] Plaintiff alleges that he paid a total of $36,278 to Plaintiff; however he has put forth no documentary evidence to substantiate this claim. (Compl., ¶ 17.) As the Court is not required to take Plaintiff's allegations regarding the amount of damages as true, the Court requires Plaintiff to submit documentary evidence that includes sufficient information to determine his damages in a sum certain. *See Signs*, 2006 US Dist Lexis 56456, at *5-6 (citing *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990); *Directv, Inc. v. Asher*, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted))*.* If Plaintiff fails to submit such evidence, the Court will hold a hearing to determine the damages issue.

With respect to the amount of attorney's fees, Plaintiff has put forth sufficient

---

[1] The Court recognizes that, in order for it to have subject matter jurisdiction over this matter pursuant to diversity jurisdiction as defined by 28 U.S.C. § 1332, the parties must be citizens of different states and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332. While the Court holds that Plaintiff has not put forth sufficient documentary evidence to demonstrate his amount of damages for purposes of default judgment, the same is not true for jurisdictional purposes. *See Golden v. Golden*, 382 F.3d 348, 354-55 (3d Cir. 2004) *overruled in part on other grounds Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220 (3d Cir. 2008) ("Where a federal cause of action is based on diversity jurisdiction . . . [t]he amount need not be proven; rather, the amount is judged from the face of the complaint and is generally established by a good faith allegation." (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961) (measuring "good faith" by whether it appears "to a legal certainty the claim is really for less than the jurisdictional amount:) (internal quotations and citations omitted); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)).

documentary evidence to demonstrate the amount of attorney's fees and costs he has incurred in connection with this litigation is $4,638,57. (Certif. of Charles K. Graber, Esq. ("Graber Certif."), ¶ 5; Client Ledger of Charles K. Graber, Esq. P.C. for *Devine v. Advanced Computer Concepts*, attached as Exh. C to Graber Certif.)

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is granted. An appropriate form of order is filed herewith.


Dated: December 16, 2008

                                            s/ Garrett E. Brown, Jr.
                                   GARRETT E. BROWN, JR., U.S.D.J.