**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| THOMAS DEVINE, | : | |
| | : | |
| Plaintiff, | : | Civ. No. 08-875 (GEB) |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| ADVANCED COMPUTER CONCEPTS | : | |
| INC. | : | |
| | : | |
| | : | |
| Defendant. | : | |
| | : | |

**BROWN, Chief Judge**

This matter comes before the Court upon the Supplemental Memorandum of Law in Response to the Court's Order of December 16, 2008 ("Memorandum"), submitted by plaintiff Thomas Devine ("Plaintiff"). (Docket No. 9). The Court has considered the Memorandum and decided the matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court will enter judgment against Advanced Computer Concepts, Inc. ("Defendant") in the amount of $115,375.94**.**

I. **BACKGROUND**

A. **Procedural History**

On February 18, 2008, Plaintiff filed a complaint in this Court alleging that, pursuant to a written proposal sent to him by Defendant (the "Proposal") he paid Defendant an amount totaling $36,278.00 for the purchase of a Viper XL F-16C Simulator ("Simulator"), a flight simulator, which Defendant promised to deliver but never did. Compl. ¶¶ 9, 16-18, 23; Proposal,

attached as Exh. A to Compl.  In the Complaint, Plaintiff alleged the following causes of action: (1) breach of contract, (2) conversion, (3) unjust enrichment, and (4) violations of the New Jersey Consumer Fraud Act, N. J. Stat. Ann. § 56:8-1 *et. seq*. ("CFA" of the "Act").  Compl., ¶¶ 25, 28, 31, 34.  Under the CFA, Plaintiff sought treble damages as well as reasonable costs and attorney's fees. *Id.* at ¶ 28.

Plaintiff properly requested a summons on February 20, 2008. (Plaintiff's Letter to Clerk and Proposed Summons, Docket No. 2).  The summons and complaint were served on Defendant on April 9, 2008.  (Affidavit of Service, Docket No. 4).  On June 5, 2008, after Plaintiff filed a Request for Default (Docket No. 5), the Clerk made an Entry of Default.  On July 2, 2008, Plaintiff filed a motion for default judgment against Defendant. (Docket No. 6).  On December 16, 2008, the Court issued a Memorandum Opinion and Order, granting Plaintiff's motion and awarding Plaintiff treble damages and attorneys fees under the CFA. (Docket Nos. 7, 8).  The Court held that Plaintiff had submitted sufficient evidence to demonstrate the amount of attorney's fees and costs he had incurred in connection with this litigation was $4,638.57, and so entered judgment in that amount in Plaintiff's favor.  Mem. Op. at 9-10 (Docket No. 7). However, finding that Plaintiff had failed to submit sufficient documentary evidence regarding how much Plaintiff actually paid to Defendant for the Simulator, the Court ordered Plaintiff to submit further evidence that included sufficient information to determine his damages in a sum certain.  *Id.* at 9.  In response to the Court's request, Plaintiff submitted the Memorandum on December 24, 2008. (Docket No. 9).

## II.    DISCUSSION

### A.     Plaintiff Has Put Forth Sufficient Evidence to Demonstrate the Amount of

**Damages in a Sum Certain**

In connection with the Memorandum, Plaintiff submitted the Certification of Plaintiff Thomas Devine ("Devine Certification"). In it, Plaintiff states that he paid Defendant a total sum of $36,278.00 to purchase the Simulator and that he paid this amount via two checks advanced on his behalf by Midatlantic Medical Systems, Inc., of which he is the President, sole officer and sole shareholder.  Devine Certif., ¶ 2.  The first check Plaintiff sent to Defendant ("First Check") indicates that it was made out for $17,156.50, was dated December 22, 2006, and was deposited by Defendant on January 8, 2007. (First Check, attached as Exh. A to Devine Certif.)  The second check Plaintiff sent to Defendant ("Second Check") was made out for the amount of $19,131.50 and was deposited by Defendant on April 23, 2007.  (Second Check, attached as Exh. A to Devine Certif.)  This evidence is sufficient to demonstrate that Plaintiff paid Defendant a total of $36,288.00 in exchange for the Simulator, which was never delivered.  Thus, under the CFA, Plaintiff is entitled to treble damages in the amount of $108,864.00.

**B.      Plaintiff is Entitled to Prejudgment Interest**

In the Memorandum, Plaintiff also asserts that he is entitled to prejudgment interest pursuant to N.J. Court Rule 4:42-11. (Memo. at 2).  N.J. Court Rule 4:42-11(b), provides, in relevant part:

> [E]xcept as otherwise provided by law, the court shall, in tort actions, . . .
> include in the judgment simple interest, calculated as hereafter provided,
> from the date of the institution of the action or from a date 6 months after the
> date the cause of action arises, whichever is later, provided that in exceptional
> cases the court may suspend the running of such prejudgment interest. . . .

N.J. Ct. R. 4:42-11(b).

As noted above, the rule regarding the award of prejudgment interest generally applies only to

tort actions. However, it has been occasionally applied in other contexts as a matter of equity. As the New Jersey Supreme Court explained,

> Unlike prejudgment interest in tort actions, which is expressly governed by Rule 4:42-11(b), the award of prejudgment interest on contract and equitable claims is based on equitable principles . . . . In awarding prejudgment interest, [t]he basic consideration is that the defendant has had the use, and the plaintiff has not, of the amount in question; and the interest factor simply covers the value of the sum awarded for the prejudgment period during which the defendant had the benefit of monies to which the plaintiff is found to have been earlier entitled. The allowance of prejudgment interest is a matter of discretion for the trial court.

*County of Essex v. First Union Nat'l Bank*, 891 A.2d 600, 608 (2006) (citations omitted).  Here, the basis of Plaintiff's claims against Defendant sound in contract and equity, not tort law.  Specifically, Plaintiff asserts claims for breach of contract, conversion, unjust enrichment and violations of the CFA for Defendant's failure to deliver the Simulator to Plaintiff upon Plaintiff's payment of $36,278.00, as was required by the Proposal.  Compl. ¶¶ 25, 28, 31, 34, 9, 16-18, 23; Proposal, attached as Exh. A to Compl.  As such, the allowance of prejudgment interest in this matter is within the discretion of the Court.  *See County of Essex*, 891 A.2d at 608.

Here, the equities weigh in favor of awarding prejudgment interest to Plaintiff.  Plaintiff has been deprived of the use of his funds without receiving the Simulator, which Defendant promised to deliver.  In contrast, Defendant has enjoyed the use of Plaintiff's funds without completing its end of the bargain.  Such facts are sufficient justification to award prejudgment interest.  *See Ning Shing (U.S.A.) v. Howard Berger Co.*, No. 97-604, 1998 U.S. Dist. LEXIS 11292 at *3 (D.N.J. June 23, 1998) (holding that award of prejudgment interest is appropriate where defendant fraudulently stopped checks sent to plaintiff, thereby depriving plaintiff of the use of its funds); *see also Napp Techs., L.L.C. v. Kiel Labs., Inc.*, No. 04-3535, 2008 U.S. Dist.

4

LEXIS 100734 at *25 (D.N.J. Dec. 12, 2008).

### C.      The Amount of Prejudgment Interest to Which Plaintiff is Entitled

Plaintiff argues that prejudgment interest should be calculated from the trebled damages he has been awarded pursuant to the CFA. (Memo. at 3). However, "prejudgment interest on punitive damages should not be permitted." *Zalewski v. Gallagher*, 375 A.2d 1195, 1202 (N.J. Super. Ct. App. Div. 1977) (quoting *Belinski v. Goodman*, 354 A.2d 92, 96 (N.J. Super. Ct. App. Div. 1976)). Courts have held that the provision of the CFA permitting the recovery of treble damages is punitive in nature. *Liberty Mut. Ins. Co. v. Land*, 892 A.2d 1240, 1253 (N.J. 2006) ("Treble damages are intended to punish, and only partly to compensate, and therefore have all the hallmarks of punitive damages." (quoting *Furst v. Einstein Moomjy, Inc.*, 860 A.2d 435, 441 (N.J. 2004) ("Among the equitable and legal remedies available against violators of the [Consumer Fraud] Act are treble damages, reasonable attorneys fees, and costs of suit. The purpose of those remedies is not only to make whole the victim's loss, but also to punish the wrongdoer and to deter others from engaging in similar fraudulent practices." (citation omitted))). As such, the appropriate amount on which to base the calculation of prejudgment interest in the instant case is $36,278.00, which is the amount Plaintiff paid to Defendant pursuant to their agreement.

For contract claims, the rate at which prejudgment interest is calculated is within the discretion of the court. *Napp Techs., L.L.C.*, 2008 U.S. Dist. LEXIS 100734 at *25 (citation omitted). However, absent unusual circumstances, trial courts should refer to N.J. Court Rule 4:42-11(b) when determining the rate of prejudgment interest. *Id.* at *26 (citing *Benevenga v. Digregorio*, 737 A.2d 696, 700 (N.J. Super. Ct. App. Div. 1999)). Since there are no unusual

circumstances present in the instance case, the Court will award prejudgment interest at the rate set forth in N.J. Court Rule 4:42-11(b).

Pursuant to N.J. Court Rule 4:42-11(a)(iii), "for judgments exceeding the monetary limit of the Special Civil Part," which is $15,000, prejudgment interest shall be calculated "at the rate provided in subparagraph (a)(ii) plus 2% annum. N.J. Ct. R. 4:42-11(a)(iii); *see also Napp Techs., L.L.C.*, 2008 U.S. Dist. LEXIS 100734 at *26. Since the judgment in the instant case exceed the Special Civil Part monetary limit of $15,000, 2% annum will be added to the rate provided in subparagraph (a)(ii), which is "the average rate of return, to the nearest whole or one-half percent, for the corresponding preceding fiscal year terminating on June 30, of the State of New Jersey Cash Management Fund . . . as reported by the Division of Investment in the Department of the Treasury." N.J. Ct. R. 4:42-11(a)(ii). Further, in contract cases, it is within the trial court's discretion to determine the date on which prejudgment interest starts to accrue. *Napp Techs., L.L.C.*, 2008 U.S. Dist. LEXIS 100734 at *26-27 (citing *County of Essex*, 891 A.2d at 609).

The Court will award prejudgment interest for the period starting from the date that Defendant was formally served with process, April 9, 2008, and the date on which the Court issued its Memorandum Opinion and Order granting Plaintiff's motion for default judgment, December 16, 2008. *See Id.* at *27; Affidavit of Service, Docket No. 4; Order, Docket No. 8 The interest rate to be used for this period is 7.5%. *See* N.J. Ct. R. 4:42-11, Editor's Note. 7.5% of $36,278.00 is $2,720.85. That amount divided by 366 days in a year,[1] equals the amount of interest due per diem, $7.43. The per diem total is then multiplied by 252, the number of days

---

[1]2008 was a Leap Year and thus lasted 366 days.

interest accrued in 2008, for total interest of $1,873.37.

Plaintiff is therefore entitled to attorney's fees in the amount of $4,638.57, treble damages under the CFA in the amount of $108,864.00, and prejudgment interest in the amount of $1,873.37, for a total amount of $115,375.94.

## III.   CONCLUSION

For the foregoing reasons, judgment in the amount of $115,375.94 is entered in favor of Plaintiff.  An appropriate form of order is filed herewith.


Dated: January  9  , 2009

                                                _____ /s/ Garrett E. Brown, Jr._____
                                              GARRETT E. BROWN, JR., U.S.D.J.